**MANDATE**

19-1729-cv
*Siddiqui v. Rocheleau*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 4th day of June, two thousand twenty.

Present:
    DEBRA ANN LIVINGSTON,
    RICHARD J. SULLIVAN,
    MICHAEL H. PARK,
     *Circuit Judges*.

FAIZ SIDDIQUI,

    *Plaintiff-Appellant*,

    v.                           19-1729-cv

ERIC ROCHELEAU,

    *Defendant-Appellee*.

| | |
|---|---|
| For Plaintiff-Appellant: | JONATHAN J. EINHORN, Jonathan J. Einhorn Law Office, New Haven, CT |
| For Defendant-Appellee: | JAMES N. TALLBERG (Dennis M. Durao, *on the brief*), Karsten & Tallberg, LLC, Rocky Hill, CT |

Appeal from a judgment of the United States District Court for the District of Connecticut (Hall, *J.*).

1

MANDATE ISSUED ON 08/04/2020

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED** and the pending motions are **DENIED**.

Plaintiff-Appellant Faiz Siddiqui ("Siddiqui") appeals from a May 16, 2019 judgment of the United States District Court for the District of Connecticut (Hall, *J.*), granting Defendant-Appellee Eric Rocheleau's ("Rocheleau") motion to dismiss Siddiqui's second amended complaint (the "Complaint"), which alleges several causes of action arising under federal and state law. Siddiqui is a citizen and resident of the United Kingdom, and Rocheleau is a detective employed by the West Hartford Police Department in Connecticut. In March 2015, Rocheleau was assigned to investigate a harassment complaint filed against Siddiqui by Connecticut resident Erum Majid Randhawa ("Randhawa"). This appeal principally concerns Rocheleau's April 24, 2015 application for a warrant to obtain records associated with Siddiqui's cell phone account (the "Search Warrant") and his May 22, 2015 application for a warrant to arrest Siddiqui on a charge of Harassment in the Second Degree, in violation of section 53a-183 of the Connecticut General Statutes (the "Arrest Warrant"). Both applications were successful, but the Arrest Warrant has never been executed because Siddiqui has not travelled to the United States since it issued.

\*   \*   \*

We review *de novo* a district court's ruling on a motion to dismiss, "accepting all plausible allegations as true and drawing all reasonable inferences in plaintiff's favor." *Ganek v. Leibowitz*, 874 F.3d 73, 80 (2d Cir. 2017); *but see Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). To survive a motion to dismiss, the complaint must

contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

Siddiqui challenges the district court's dismissal of his First and Fourth Amendment claims brought pursuant to 42 U.S.C. § 1983, and his false arrest and intentional infliction of emotional distress claims under Connecticut law.[1] Principally because the Search Warrant and the Arrest Warrant were supported by probable cause—and because the Complaint does not plausibly allege that Rocheleau's applications for those warrants involved false statements or material omissions—Siddiqui's claims lack merit.

**I. The Search Warrant**

The district court determined that Rocheleau was insulated from Siddiqui's Fourth Amendment claim by qualified immunity. Qualified immunity "affords law enforcement officers a broad shield from claims for money damages arising from the performance of their duties." *Ganek*, 874 F.3d at 80. That "shield applies unless a plaintiff pleads facts showing (1) that the official violated a statutory or constitutional right, and (2) that the right was clearly established at the time of the challenged conduct." *Id.* (internal quotation marks omitted). But where a plaintiff fails to plead that his rights were violated, "further inquiry is unnecessary because where there is no viable constitutional claim, defendants have no need of an immunity shield." *Zalaski v. City of Hartford*, 723 F.3d 382, 388 (2d Cir. 2013). Because Siddiqui has failed to plead that Rocheleau obtained his phone records without a valid warrant, that is precisely the case here.

---

[1] Siddiqui's opening appellate brief also purports to challenge the district court's dismissal of his unreasonable search and seizure claims pursuant to section 54-33c of the Connecticut General Statutes. But as the district court explained, and as Siddiqui acknowledges in his brief, that provision does not provide a private cause of action. *See Provencher v. Town of Enfield*, 284 Conn. 772, 777 (2007) ("[T]here exists a presumption in Connecticut that private enforcement does not exist unless expressly provided in a statute.").

3

"While a search pursuant to a warrant issued by a judicial officer upon a finding of probable cause is presumptively reasonable, that presumption can be defeated by showing that a defendant (1) 'knowingly and deliberately, or with a reckless disregard of the truth,' procured the warrant, (2) based on 'false statements or material omissions,' that (3) 'were necessary to the finding of probable cause.'" *Ganek*, 874 F.3d at 81 (2d Cir. 2017) (citation omitted) (quoting *Velardi v. Walsh*, 40 F.3d 569, 573 (2d Cir. 1994)). The Complaint alleges that Rocheleau's warrant application improperly omitted certain exculpatory information that would have undermined the issuing judge's finding of probable cause. But the Complaint contains no allegations supporting this conclusory assertion.

To determine whether a statement or omission was "necessary to a finding of probable cause, we consider a hypothetical corrected affidavit, produced by deleting any alleged misstatements from the original warrant affidavit and adding to it any relevant omitted information." *Ganek*, 874 F.3d at 82. "[I]f probable cause remains after the warrant is corrected, plaintiff has suffered no violation of Fourth Amendment rights . . . ." *Id.* (internal quotation marks omitted). At the start, we agree with the district court that the uncorrected affidavit supports a finding of probable cause by stating that, *inter alia*, Randhawa had received numerous anonymous calls—including at least one that a specialized application traced to a number that Siddiqui's relatives identified as Siddiqui's personal cell phone (the "Traced Call").[2] It also described three

---

[2] Siddiqui alleges that Rocheleau recklessly failed to disclose that the calls other than the Traced Call may have originated with telemarketers or other callers that frequently obscure their phone numbers. But the warrant application states nothing more than Randhawa's belief that these calls "could be from" Siddiqui. A. 94. And Siddiqui has not plausibly alleged that Rocheleau's failure to eliminate the possibility that the blocked calls originated elsewhere was reckless, even if he technically had the ability to do so. *See Ricciuti v. N.Y.C. Transit Auth.*, 124 F.3d 123, 128 (2d Cir. 1997) ("Once a police officer has a reasonable basis for believing there is probable cause, he is not required to explore and eliminate every theoretically plausible claim of innocence . . . .").

4

calls to Randhawa's workplace—one voicemail from an anonymous caller disparaging Randhawa to a coworker and two calls from a private investigator who had been hired by a pseudonymous client to encourage Randhawa's employers to terminate her—which Rocheleau suspected Siddiqui either made or orchestrated based, *inter alia*, on the private investigator's statement that Siddiqui's voice resembled her client's. All of this evidence suggests that Siddiqui had, on at least one occasion, "ma[de] a telephone call" with "intent to harass, annoy or alarm another person," and that evidence of this activity would be found in his phone records. *See Illinois v. Gates*, 462 U.S. 213, 238 (1983) ("The task of the issuing magistrate is simply to make a practical, common-sense decision whether, given all the circumstances set forth in the affidavit before him, . . . there is a fair probability that . . . evidence of a crime will be found in a particular place.").

In compiling its hypothetical corrected affidavit, the district court properly declined to "add" certain allegedly omitted statements that reflected only Siddiqui's unrealistic interpretation of otherwise uncontested factual evidence. For instance, the Complaint alleges that the affidavit should have disclosed that no evidence connected him to the calls to Randhawa's workplace. But this allegation is inaccurate in light of other evidence, including uncontested statements that the anonymous caller read a script similar to the text of a lengthy email Siddiqui wrote to Randhawa several years earlier, and that the investigator's client acknowledged being contacted by the police around the same time Rocheleau's colleague called Siddiqui on his cell phone.[3]

---

[3] Siddiqui also claims that Rocheleau's reliance on the calls to Randhawa's workplace infringed on his First Amendment right to free speech, and that the content of his communications cannot constitutionally be used as evidence of criminal behavior. But we have explained that not only is "consider[ing] the language used by [the caller] in the course of the telephone call . . . permissible" to prove a violation of Connecticut's telephonic harassment statute, such consideration may at times be "indispensable to a proper determination of whether the statutory requirement of 'intent to harass' ha[s] been proven." *Gormley v. Dir., Conn. State Dep't of Prob.*, 632 F.2d 938, 943 (2d Cir. 1980). Rocheleau's decision to report the content of the workplace calls as evidence of

5

The district court correctly concluded that none of the remaining omissions alleged in the Complaint would plausibly have vitiated probable cause had Rocheleau included them in the affidavit. Siddiqui's appeal particularly emphasizes the affidavit's failure to state that Siddiqui placed the Traced Call in response to an email notification that Randhawa had viewed his online profile at MyLife.com nearly two months before. But the Complaint does not allege that Rocheleau knew what prompted Siddiqui to call Randhawa. *See Escalera v. Lunn*, 361 F.3d 737, 744 (2d Cir. 2004) ("In performing this correcting process, we examine all of the information the officers possessed when they applied for the arrest warrant."). Even if he did, the mere fact that Siddiqui called Randhawa because she had viewed his online information two months earlier in no way forecloses the possibility that he did so with harassing intent. *United States v. Fama*, 758 F.2d 834, 838 (2d Cir. 1985) ("The fact that an innocent explanation may be consistent with the facts alleged . . . does not negate probable cause."). Siddiqui's other alleged omissions are equally immaterial, and we therefore affirm the district court's dismissal of his Fourth Amendment claim because the search warrant was supported by probable cause.

**II. The Arrest Warrant**

For largely the same reasons, the Complaint fails plausibly to challenge the validity of the Arrest Warrant. Under both Connecticut and federal law, "probable cause to arrest exists when police officers have knowledge or reasonably trustworthy information of facts and circumstances that are sufficient to warrant a person of reasonable caution in the belief that the person to be arrested has committed or is committing a crime." *Walczyk v. Rio*, 496 F.3d 139, 156 (2d Cir. 2007) (internal quotation marks omitted). The Arrest Warrant application—corrected to reflect the

---

Siddiqui's harassing intent therefore violated neither Siddiqui's First nor Fourth Amendment rights.

6

same alleged omissions as the Search Warrant application, *see Escalera*, 361 F.3d at 743 (applying the corrected affidavit analysis to an arrest warrant application)—is sufficient to impart a reasonable belief that Siddiqui made at least one phone call with harassing intent. In addition to the evidence discussed above, the arrest warrant application stated that Siddiqui's phone records revealed that he placed the Traced Call to Randhawa's phone and multiple calls to the private investigator who called Randhawa's employer.

The Arrest Warrant's validity is fatal to Siddiqui's claims for false arrest and intentional infliction of emotional distress. Even assuming *arguendo* that Siddiqui is entitled to bring a false arrest claim prior to any detention, a false arrest claim under Connecticut law "cannot lie when the challenged arrest was supported by probable cause." *Russo v. City of Bridgeport*, 479 F.3d 196, 203 (2d Cir. 2007). By the same token, a plaintiff has no claim for intentional infliction of emotional distress premised on an arrest for which there was probable cause. *See Washington v. Blackmore*, 119 Conn. App. 218, 224 (2010); *see also Appleton v. Bd. of Ed. Of Town of Stonington*, 254 Conn. 205, 210 (2000) (explaining that "[l]iability for intentional infliction of emotional distress requires conduct that exceeds all bounds usually tolerated by decent society" (internal quotation marks omitted)).

We have considered Siddiqui's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court and **DENY** the pending motions.

FOR THE COURT:<br>
Catherine O'Hagan Wolfe, Clerk

A True Copy
Catherine O'Hagan Wolfe, Clerk
United States Court of Appeals, Second Circuit

7